UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENESIS GROUP, AG D/B/A DIALOQ,<br><br>Plaintiff,<br><br>v.<br><br>AMTEL CORPORATION/POND MOBILE INCORPORATED<br><br>Defendant. | Civil Action No<br><br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD** |

Pursuant to 9 U.S.C. §§ 9, 13, Plaintiff Genesis Group, AG d/b/a Dialoq ("Genesis") respectfully submits this Memorandum in Support of Plaintiff's Motion to Confirm Arbitration Award, wherein Genesis asks this Honorable Court for an order confirming the Final Award issued by Arbitrator Michael D. Young of JAMS on September 14, 2022, as well as enter Judgment in favor of Genesis (the Claimant in the arbitration proceedings) and against Defendant (and Respondent in the arbitration proceedings) Amtel Corporation/Pond Mobile Incorporated ("Amtel") in the net amount of $687,454.50, with a pre-judgment interest in the amount of $71.50 per day for each day after the date of the Final Award (September 14, 2022) until judgment is entered in this matter.

## JURISDICTION

Jurisdiction is proper in this Court because there is complete diversity between the parties to the arbitration in question (the "Arbitration") and the amount in controversy exceeds $75,000. Indeed, Genesis is a Swiss company with offices in Zug, Switzerland, and Amtel is a Delaware

1

corporation with a principal place of business in New Jersey. Jurisdiction is also proper in this Court on account of 9 U.S.C. § 9. This Court has personal jurisdiction with respect to Amtel because Genesis and Amtel submitted to an arbitration conducted out of this district (the Arbitration was held in New York County, New York).

The agreement between Genesis and Amtel, which was the subject of the Arbitration and which contains Genesis' and Amtel's agreement to arbitrate in Section 30.1 thereof, is attached as Exhibit 1 to the accompanying Declaration of Frank Scardino in Support of Plaintiff's Motion to Confirm Arbitration Award ("Scardino Decl." and the "Agreement")  While the Agreement did not specifically identify the court at which the arbitration agreement could be confirmed,[1] the arbitration took place at JAMS' offices at 620 8th Ave, Floor 34, New York, NY, 10018, giving this Court proper jurisdiction to confirm the arbitration award as the arbitration was conducted in and from this district.  *See,* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.")

**BRIEF PROCEDURAL HISTORY**

On or about April 2, 2019, the Arbitration between Genesis and Amtel commenced. The Arbitration was instituted pursuant to a Statement of Claim and Relief Sought dated February 11, 2019. A copy of this Statement of Claim and Relief Sought is attached as Exhibit 2 to the Scardino Decl. A writing demonstrating that both Genesis and Amtel specifically consented to JAMS' jurisdiction with respect to the Arbitration is attached as Exhibit 3 to the Scardino Decl. The Interim Award with respect to the Arbitration is attached as Exhibit 4 to the Scardino Decl. The Final Award with respect to the Arbitration is attached as Exhibit 5 to the Scardino Decl.

---

[1] The Agreement references the "Arbitrage Court of New York State, USA," but to Genesis' best knowledge, such a "court" does not exist.

**ARGUMENT**

The "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984). "[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Therefore, unless Amtel is able to mount a successful statutory challenge, this Court must grant Genesis' motion to Confirm the Arbitration Award. *See, also,* Fairchild Corp. v. Alcoa, Inc., 510 F. Supp. 2d, 280, 285-86 (S.D.N.Y. 2007) ("A court *must* grant an order to confirm an arbitral award upon a timely application, absent any of the specified improprieties.") (emphasis in original).

Genesis meets all of the statutory prerequisites to confirming the Arbitration. Amtel and Genesis were parties to the Agreement, agreed to arbitrate their dispute with respect to the Agreement with JAMS and submitted to JAMS' jurisdiction with respect to this dispute. *See*, Scardino Decl. ¶¶2, 4, Ex. 1, 3. JAMS issued an interim award on April 20, 2022 regarding the arbitrators findings of facts and law with respect to the merits of the case. *See*, *id*. at ¶5, Ex. 4. JAMS then issued a Final Award on September 14, 2022 which concluded that Genesis was the prevailing party in the arbitration and awarded Genesis damages, costs, attorneys' fees, and interest in the amount of $687,454.50 with additional pre-judgment interest in the amount of $71.50 per day for each day after the date of the Final Award until judgment is entered. *See id.* ¶5, Ex. 5. Finally, as of the date hereof, Amtel has failed to challenge any aspect of JAMS' Final Award. *See, id.*, ¶6.

Accordingly, Plaintiff Genesis Group, AG d/b/a Dialoq respectfully requests that this Honorable Court:

1) Confirm the Final Award;

2) Enters judgment in the favor of Genesis and against Defendant Amtel Corporation/Pond Mobile Incorporated in the amount of $687,454.50 plus prejudgment interest the amount of $71.50 per day for each day after September 14, 2022 until judgment is entered in this matter; and

3) Awards Plaintiff post judgment interest in accordance with 28 U.S.C. § 1961(a) along with such other and further relief that the Court deems just and proper.

Respectfully Submitted,

Shpigel Law P.C.

By: *Irina Shpigel*
    Irina Shpigel

250 Greenwich Street, 46th Floor
New York, New York 10007
Tel (212) 390-1913
Fax (646) 355-0242
E-mail: ishpigel@iselaw.com

Boston Law Group P.C.

*/s/ Frank Scardino*
825 Beacon Street, Suite 20
Newton Centra, MA 02459
T 617- 928-1800
F 617-928-1802
E frank@bostonlawgroup.com