UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENESIS GROUP, AG,<br><br>                           Petitioner,<br><br>                    -v-<br><br>AMTEL CORPORATION/POND<br>MOBILE INC.,<br>                           Respondent. | 23-CV-0076 (JPO)<br><br><u>ORDER</u> |

J. PAUL OETKEN, District Judge:

Petitioner Genesis Group, AG ("Genesis"), a Swiss limited company, brings this action against Respondent Amtel Corporation/POND Mobile Incorporated ("Amtel") under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to the Wireless Services Agreement (the "Agreement"), the contract under which the dispute arose precipitating the Arbitration.  (ECF No. 1, ¶ 2.)  The parties do not dispute that Section 30.1 of the Agreement contains the relevant arbitration clause wholly applicable to the instant dispute.

## I.    Background

Petitioner Genesis is a Swiss limited company specializing in mobile phone plans for international customers.  (*Id.* at ¶ 5.)  The Agreement in question was a sales contract whereby Amtel, representing itself as an authorized re-seller of AT&T and Sprint products and services, was to provide Genesis with certain SIM-cards and United States telephone numbers for a price on March 1, 2018.  (*Id.* at ¶ 9.)  However, the relationship between Amtel and Genesis rapidly deteriorated, and Genesis initiated this arbitration proceeding to resolve claims against Amtel sounding in, *inter alia*, fraud and various other business torts and related equitable contract doctrines.  (*See id.* at ¶¶ 19, 21, 23, 26.)

Arbitrator Michael D. Young, having "consider[ed] the pleadings, documentary evidence and testimony from all parties" found for Genesis.  (ECF No. 1-4 (the "Interim Award").)  Arbitrator Young issued a Final Award of damages, costs, attorneys' fees, and interest in the amount of $687,454.50 with the addition of pre-judgment interest in the amount of $71.50 per day for each day after the date of the Final Award (September 14, 2022) until judgment is entered.  (ECF No. 1-5 (the "Final Award").)

On January 5, 2023, Genesis filed this Petition as well as a separate Motion to Confirm the Arbitration, moving to confirm the terms of Arbitrator Young's Interim Award and Final Award.  (ECF Nos. 4, 5.)  On January 10, 2023, this Court ordered Petitioner to file and serve additional materials, if any, that it intended to rely on to support its Petition and setting a deadline of February 7, 2023, for Respondent to file any opposition papers.  (*See* ECF No. 11.)  Respondent was timely served by Petitioner with the Petition, all supporting papers, and a copy of the Court's scheduling order on January 30, 2023.  (*See* ECF No. 12.)  On February 8, 2023, Amtel, by and through counsel, informed the Court that "defendant Amtel Corporation does not object to the petition filed herein on January 5, 2023, seeking confirmation of [the] arbitration award."  (ECF No. 13.)

## II.   Discussion

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]."  9 U.S.C. § 9.  "[T]he showing required to avoid summary confirmation of an arbitration award is high."  *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (Engelmayer, J.) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).  "The arbitrator's rationale for an award need not be explained, and the award

should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations and citations omitted). Even "a barely colorable justification for the outcome reached" in an arbitration is sufficient for confirmation. *Kolol Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103-04 (2d Cir. 2013) (quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)). A court may deny a petition to confirm an arbitration award only on a limited number of grounds, including "corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law." 9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

Petitioner's motion is "evaluated under the legal standard applicable to a motion for summary judgment." *Onyx Glass*, 2015 WL 5144120, at *3 (citing *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

Here, Respondent expressly disclaims any opposition to the Petition, and therefore Plaintiffs are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Agreement permits Petitioner to seek arbitration in the event of Amtel's contractual breach or any injuries related to the performance of the contract, and Arbitrator Young did not exceed his authority. (*See* ECF No. 1-4, 1-5.) The Award reflects both the terms of the Agreement and the auditor's findings, and it exceeds the deferential standard, especially given Respondent expressly does not contest the Petition.

Given the record established by the Arbitrator's Award, and the fact that Defendant has presented no evidence of corruption another other basis for vacatur, Plaintiffs' petition is granted.

For the foregoing reasons, the Petition to confirm the Arbitration Award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner in the net amount $687,454.50 plus pre-judgment interest of $71.50 per day for each day after the date of the Final Award (September 14, 2022).  Upon the entry of judgment, the Clerk is directed to terminate the motions at ECF Nos. 4 and 5 and to close the case.

Petitioner is directed to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: February 9, 2023
       New York, New York

_____
                    J. PAUL OETKEN
               United States District Judge